FRED A. STACKPOLE & others, trustees, *vs.* BREWSTER
FREE ACADEMY & others.

Middlesex.    March 6, 1969. — May 2, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Trust,* Charitable trust.    *Charity.    Equity Pleading and Practice,* Parties,
     Intervention.

Upon a petition by trustees under a will for authority to administer trust
     funds under the cy pres doctrine, there was no abuse of discretion in
     the denial of a motion to intervene in the proceeding as parties re-
     spondent by towns merely hoping to be the beneficiaries of the ap-
     plication of the doctrine.

PETITION for instructions filed in the Probate Court for
the county of Middlesex on June 27, 1967.

The case was heard by *Hays,* J.

*Ralph F. Mazza* for Town of Wolfeborough & another.

*Carlton W. Spencer (Nancy W. Spencer* with him) for
Fred A. Stackpole & others, trustees.

*James J. Kelleher,* Assistant Attorney General, for the
Attorney General.

WILKINS, C.J.    The trustees under the will of John
Brewster, late of Cambridge, appointed by the Probate Court
for Middlesex County, bring this petition for instructions
against Brewster Free Academy (academy) of Wolfeborough,
New Hampshire, the Director of Charitable Trusts for the
State of New Hampshire (director), and the Attorney Gen-
eral of this Commonwealth.    The petition seeks authority
to administer cy pres trust funds under the will.    The At-
torney General, the academy, and the director filed answers
admitting the allegations of the petition and assenting to the
scheme of application of the property cy pres.

The Governor Wentworth Regional School District (dis-
trict) is a regional school district established under the laws
of New Hampshire and includes, among others, the towns of
Tuftonborough and Wolfeborough (towns).

The probate judge found that the trust under the will was a public charitable trust, that the district and the towns have no standing as possible beneficiaries of the application of the cy pres doctrine, and that it is the exclusive function of the Attorney General to enforce the due application of the funds. The motion of the towns to intervene as parties respondent was denied.

The will created a trust fund, part of the income of which was to be paid "to and for the use, support and maintenance of the free schools" of the two towns, "the same to be paid or appropriated in proportion to amounts annually raised and appropriated by or for the several school districts in said towns respectively." There are now no free schools in the towns "used exclusively by said towns." It is impracticable or impossible to make payments to or for the free schools of the two towns in the manner designated by the testator; and although the testator intended that "school funds" be applied to the purposes named by him, he had a more general intention to devote the funds to a charitable purpose described in the will. This was to confine charitable benefits to the two towns and to advance education in two principal ways: one through the academy and the other through the free schools of the two towns.

The scheme of cy pres suggested in the petition is (1) to pay one half the income to the academy, and (2) to use the other half (a) for scholarships consisting of grants to students in Wolfeborough and Tuftonborough to enable them to attend colleges and the academy, and (b) for the benefit of the library of Brewster Memorial Building in Wolfeborough, which was also mentioned in the will.

A final decree to this effect was entered. The towns appealed both from the order denying their motion to intervene and from the final decree.

Allowance of the motion to intervene was discretionary. *Dillaway* v. *Burton*, 256 Mass. 568, 576–577. *Andersen* v. *Albert & J. M. Anderson Mfg. Co.* 325 Mass. 343, 348. There was no abuse of discretion. The would be interveners, had they been admitted as parties, could not have prevailed.

One hoping to be the beneficiary of the application of the cy pres doctrine has no interest in the fund. The towns are not parties aggrieved by a final decree under G. L. c. 215, § 9. *Bolster* v. *Attorney Gen.* 306 Mass. 387, 389. *First Christian Church* v. *Brownell*, 332 Mass. 143, 147. *Worcester Memorial Hosp.* v. *Attorney Gen.* 337 Mass. 769. *New England Merchants Natl. Bank* v. *First Church in Swampscott*, 346 Mass. 780.

*Order denying motion to intervene affirmed.*
*Decree affirmed.*