PARKS AND RECREATION COMMISSION OF BOSTON & another *vs.* ATTORNEY GENERAL. April 10, 1974. This is a bill of review (filed by leave of court) brought by the commission and the city of Boston against the Attorney General to secure a revision of the final decree entered (in 1963) pursuant to the rescript in *Jacobson* v. *Parks & Recreation Commn. of Boston,* 345 Mass. 641 (1963), which would be consonant with the subsequently enacted provisions of St. 1964, c. 132. See *Sawyer* v. *Davis,* 136 Mass. 239, 246-247 (1884); *Nantucket Exp. Lines, Inc.* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 350 Mass. 173, 174-175 (1966), cert. den. 384 U. S. 952 (1966). The only matter before us is the exception taken by persons who appear to have been (*Flynn* v. *Brassard,* 1 Mass. App. Ct. 678, 681 [1974]) ten of the twelve original plaintiffs in the *Jacobson* case to the denial of their petition for leave to intervene as parties defendant in the present case. In the *Jacobson* case it was determined, among other things, that the bill there under consideration could not be maintained by the plaintiffs under the provisions of G. L. c. 214, § 3(11) (345 Mass. at 643-644), that the Attorney General was the proper public officer to protect the general public interest in the land in controversy (345 Mass. at 644), that the "plaintiffs as citizens could not act alone" (345 Mass. at 645), and that there was "an actual controversy (G. L. c. 231A, § 1) between the city and its parks department on the one hand and the Attorney General *representing all the public*" (345 Mass. at 645; emphasis supplied). It is the clear implication of the pertinent portion of that decision that it was only because of the intervention of the Attorney General that the court had before it all persons who, within the meaning of G. L. c. 231A, § 8, "[had] or claim[ed] any interest which would be affected" by the declaratory relief sought (345 Mass. at 645). In view of the foregoing it is clear that the ten persons who sought to intervene in the present case could not do so as of right. To the extent that their exception may raise a question as to the discretion of the judge below to permit them to intervene (see *American Woolen Co.*

v. *Old Colony Trust Co.* 263 Mass. 321, 325 [1928]; *D. J. Doyle & Co. Pty. Ltd.* v. *Darden,* 328 Mass. 288, 290 [1952]; the *Jacobson* case, 345 Mass. at 645), we perceive no abuse of discretion in the denial of the petition. *Dillaway* v. *Burton,* 256 Mass. 568, 575-577 (1926). *Stackpole* v. *Brewster Free Academy,* 355 Mass. 774, 775-776 (1969).

*Exceptions overruled.*

*Morris M. Goldings (Herbert D. Friedman* with him) for the petitioners.

*William A. McDermott,* Assistant Corporation Counsel, for the Parks and Recreation Commission of Boston & another, submitted a brief.

*Richard C. Donovan,* Assistant Attorney General, for the Attorney General, submitted a brief.