CLYDE COLMAN ET AL., APPELLEES, V. COLMAN FOUNDATION, INC., ET AL., APPELLEES, LUTHERAN FAMILY AND SOCIAL SERVICE OF NEBRASKA, INC., INTERVENER-APPELLANT. COLMAN FOUNDATION, INC., ET AL., APPELLEES, V. CLARENCE MEYER, ATTORNEY GENERAL, ET AL., APPELLEES, LUTHERAN FAMILY AND SOCIAL SERVICE OF NEBRASKA, INC., INTERVENER-APPELLANT.

258 N. W. 2d 128

Filed October 12, 1977. No. 41126.

Thomas J. Culhane, for intervener-appellant.

Baird, Holm, McEachen, Pedersen, Hamann & Haggart, Ronald R. Brackle, and Gary G. Thompson, for appellees Colman and Colman Foundation, Inc.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

The Colman Foundation, Inc., is a charitable trust which was established under the will of Andrew H. Colman who died in 1932. From 1933 until 1956, the Foundation operated an orphanage for protestant children at Diller, Nebraska, in accordance with the terms and conditions of the will. In 1956 the trustees determined that it was impractical to continue operation of the orphanage and discontinued its operation.

In 1974 this action was commenced to liquidate the foundation and distribute the assets of the trust to Nebraska Children's Home Society, Martin Luther Home Society, Inc., Epworth Village, Inc., and Child Saving Institute. The action was consolidated with a separate action brought by the heirs of Andrew H. Colman who claimed the assets on the theory of a resulting trust. On March 8, 1976, the trial court found that the heirs of Andrew H. Colman had no interest in the assets of the foundation; that the proceedings for liquidation of the foundation and distribution of its assets were governed by section 21-1954, R. R. S. 1943; and that a further trial should be had regarding the proposed plan of distribution.

On April 29, 1976, the Lutheran Family and Social Service of Nebraska, Inc., filed a motion for leave to intervene and a petition of intervention in the action. The petition alleged that the intervener was a nonprofit corporation engaged in providing food, shelter, and care to protestant orphan children in Nebraska; and that it should be permitted to share in the distribution of the assets of the foundation.

The trial court found that the intervener did not allege such a direct and immediate legal interest in the litigation as would authorize or permit interven-

tion and dismissed the petition in intervention. The intervener has appealed.

Intervention as a matter of right is governed by section 25-328, R. R. S. 1943. The interest required for intervention as a matter of right is a direct and immediate legal interest of such a character that the intervener will either lose or gain by the direct operation and legal effect of the judgment. City of O'Neill v. Consumers Public Power Dist., 179 Neb. 773, 140 N. W. 2d 644. An indirect, remote, or conjectural interest in the result of the suit is not enough.

In a proceeding under the Nebraska Nonprofit Corporation Act a court of equity has broad powers as to how the assets of the corporation shall be distributed. § 21-1954, R. R. S. 1943. There is no provision in the act for intervention in the proceeding by other charitable organizations seeking some share in the distribution.

In Sister Elizabeth Kenny Foundation, Inc. v. National Foundation, 267 Minn. 352, 126 N. W. 2d 640, the Minnesota Supreme Court held that the possibility a charitable organization might share in the assets of another charity was not a sufficient interest to support intervention as a matter of right. We believe this is the correct rule. See, also, Veterans Industries, Inc. v. Lynch, 8 Cal. App. 3d 902, 88 Cal. Rptr. 303; Stackpole v. Brewster Free Academy, 355 Mass. 774, 247 N. E. 2d 599; In re Nevil's Estate, 414 Pa. 122, 199 A. 2d 419.

Independent of the statute a trial court may allow intervention as a matter of discretion in a proper case. See, State v. Farmers State Bank, 103 Neb. 194, 170 N. W. 901; Department of Banking v. Stenger, 132 Neb. 576, 272 N. W. 403; First Trust Co. v. Thompson, 147 Neb. 366, 23 N. W. 2d 339. In the latter case intervention was allowed by "permission of the court." The record here shows no abuse of discretion in denying leave to intervene.

The judgment of the District Court was correct and it is affirmed.

AFFIRMED.

WHITE, C. THOMAS, J., dissenting.

I would reverse. I agree that the intervener does not have a "direct and immediate interest" in this dissolution proceeding so as to require intervention as a matter of right. § 25-328, R. R. S. 1943.

However, in view of the rather checkered course of trust administration especially where, as here, substantial evidence exists of misappropriation of trust funds, the assertion of the trustees that it should be their exclusive right to nominate beneficiaries is rather tenuous.

It may well be that the statutory framework and the budgetary realities do not permit the Attorney General an ongoing supervision of charitable trusts, but the result is that until dissolution by court procedure, no representation of the public interest is effected.

In view of the unique posture of the participants in this case, it was an abuse of discretion not to allow intervention by the applicant the Lutheran Family and Social Service of Nebraska, Inc.