**In the Interest of A.G., Minor Child,
A.S., Grandmother, Appellant.**

**No. 96–1130.**

Supreme Court of Iowa.

Jan. 22, 1997.

Randall C. Wilson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant Attorney General, for appellee State.

Nicole Garbis, of the Youth Law Center, Des Moines, for minor child. Michael J. Burdette, Des Moines, for appellee father.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

TERNUS, Justice.

Appellant, A.S., sought to intervene in the dispositional phase of a child-in-need-of-assistance (CINA) proceeding concerning her granddaughter, A.G. The grandmother appeals the juvenile court's denial of her application to intervene. We reverse.

I. *Background Facts and Proceedings.*

A.G. was born drug-affected on January 14, 1996. Three weeks later on February 7, 1996, the juvenile court temporarily removed A.G. from her parents' custody and placed her in a foster home. *See* Iowa Code § 232.95 (1995). A.G.'s parents approved of the placement and the court's order granting them supervised visitation.

Prior to A.G.'s removal from her parents' custody, A.G.'s maternal grandmother, A.S., had given A.G. and A.G.'s mother physical and financial assistance in an effort to provide for A.G.'s needs. The grandmother was also involved in A.G.'s care during the time A.G. was hospitalized shortly before A.G.'s removal.

On the same day A.G. was taken from her parents and placed in foster care, the grandmother filed an application for intervention and custody in juvenile court in the hope that she would receive temporary custody of A.G. Nine days later, the juvenile court orally denied the grandmother's motion and confirmed A.G.'s placement in the custody of the Iowa Department of Human Services (Department). A written order denying the application followed on March 16, 1996. The court stated that "although the prospective intervenor may have an interest in this proceeding, it does not rise to a legal right to intervene and the fact that the family relationship should be maintained, is in and of itself insufficient to allow intervention." The court did, however, order the Department to investigate the family and home of the

grandmother to determine whether visitation would be in the best interest of the child and whether the grandmother's home would be a suitable placement for the child.

Between the court's oral order denying intervention and its subsequent written order, the grandmother sought permission from the juvenile court to allow her to petition the district court for grandparent visitation. *See* Iowa Code §§ 232.3(2) (district court may have concurrent jurisdiction upon approval by juvenile court), 598.35 (district court may order grandparent visitation under specified circumstances); *In re K.R.*, 537 N.W.2d 774, 777 (Iowa 1995) (juvenile court has exclusive jurisdiction over CINA proceedings, but court may allow or require person to litigate visitation concurrently in district court). The juvenile court denied the request, noting the same issues would be considered in the dispositional phase of the CINA proceeding. Notwithstanding the juvenile court's order, the grandmother petitioned the district court for visitation. That petition was denied, however, based on the juvenile court's exclusive jurisdiction over matters affecting A.G. *See* Iowa Code § 232.3(1).

On March 18, 1996, the grandmother renewed her application for intervention, hoping to intervene before a disposition was reached in the CINA proceeding. She requested permission to intervene "at the first appropriate stage" in the proceedings and in no event later than the dispositional hearing. The grandmother did not seek to intervene in the adjudicatory stage. *See id.* § 232.96 (at the adjudicatory hearing the court decides whether the child is in need of assistance).

On April 5, 1996, the juvenile court adjudicated A.G. a child in need of assistance and set the dispositional hearing for May 15, 1996. The court also heard the grandmother's renewed motion to intervene. The court denied the motion saying,

it is not the Court's understanding of the case law of the state of Iowa that the dispositional hearing is an appropriate time to intervene in a child in need of assistance case since the statutes are very clear that this court's duty is to reunite the child with her parents, and the Court does not believe intervention is then appropriate, and only in the most unusual child in need of assistance would the Court find a petition to intervene appropriate. . . .

The juvenile court disposed of the grandmother's request for visitation by leaving that decision to the discretion of the Department.

The case proceeded to disposition at which time the child was placed in the custody of relatives of the child's father who were licensed foster parents. The parties agree the grandmother's requests for custody and visitation were not considered on their merits at the dispositional hearing. As of the date of appeal, the grandmother has had no visitation with her granddaughter. The grandmother has appealed.

The grandmother argues on appeal that (1) the trial court erred in ruling as a matter of law that a grandparent may not intervene in the dispositional phase of a CINA proceeding, (2) the juvenile court abused its discretion by denying her an opportunity to intervene, and (3) the juvenile court abused its discretion by denying her a forum in which to litigate and obtain grandparent visitation pursuant to Iowa Code section 598.35.

The State, A.G.'s guardian ad litem, and A.G.'s father argue that the juvenile court did not rule as a matter of law that grandparents may not intervene in the dispositional phase of a CINA proceeding. Rather, they assert, the juvenile court properly exercised its discretion in denying the grandmother's application for intervention. For the reasons which follow, we reverse.

II. *Right of Intervention in CINA Dispositional Hearings.*

The rules of civil procedure do not automatically apply to juvenile proceedings. *In re J.R.*, 315 N.W.2d 750, 752 (Iowa 1982); *see In re Hewitt*, 272 N.W.2d 852, 859 (Iowa 1978) (Iowa Rule of Civil Procedure 66 concerning special appearances does not apply to juvenile proceedings). We have, however, allowed motions to intervene in termination-of-parental-rights proceedings because such motions would not "unduly formalize or re-

strict" such proceedings. *In re J.R.*, 315 N.W.2d at 752. The same is true for CINA proceedings. Therefore, the grandmother's filing of a motion to intervene in the dispositional phase of this CINA proceeding was permissible. We now consider whether her motion should have been granted.

### III. *Legal Principles Governing Intervention.*

■ Iowa Rule of Civil Procedure 75 provides for intervention by right:

Any person *interested* in the subject matter of the litigation, or the success of either party to the action, or against both parties, *may intervene* at any time before trial begins, by joining with plaintiff or defendant or claiming adversely to both.

Iowa R. Civ. P. 75 (emphasis added). Although rule 75 gives a clear right of intervention to a party interested in the litigation, we have said the district court is "accorded a certain amount of discretion to deny intervention in proper cases." *In re B.B.M.*, 514 N.W.2d 425, 426 (Iowa 1994); *In re Estate of DeVoss*, 474 N.W.2d 539, 541 (Iowa 1991). This discretion is not the ability to deny intervention where the prerequisites of rule 75 have been met. Rather, this discretion is to be exercised on the question of whether an intervenor is "interested" in the litigation. *See DeVoss*, 474 N.W.2d at 541.

■ "One is 'interested' under rule 75 if one has a *legal right* that the proceeding will *directly affect*."[1] *In re B.B.M.*, 514 N.W.2d at 427 (emphasis added); *accord DeVoss*, 474 N.W.2d at 542; *In re J.R.*, 315 N.W.2d at 752. We consider the source of the asserted right. *See generally In re B.B.M.*, 514 N.W.2d at 427–28. An interest that is indirect, remote or conjectural is generally insufficient to support intervention. *DeVoss*, 474 N.W.2d at 542. On the other hand, a statutory right *will* support intervention, provided that right will be directly affected by the subject litigation. *See, e.g., In re J.R.*, 315 N.W.2d at 752 (statutory right to be consid-

ered for guardianship and custodian supported intervention of right). In addition to the nature of the interest, we consider whether the asserted interest will be impaired—"directly affected"—by the disposition of the action in which intervention is sought. *See State ex rel. Miles v. Minar,* 540 N.W.2d 462, 465 (Iowa App.1995) (interest not sufficient where there was no risk "from a practical standpoint" that it would be affected by pending action).

■ We review the denial of a motion to intervene for correction of errors at law, giving some deference to the district court's discretion. *In re B.B.M.*, 514 N.W.2d at 426; *DeVoss*, 474 N.W.2d at 541.

### IV. *Propriety of Intervention by Grandmother.*

■ Although intervention in a CINA case has not previously been before us, we have evaluated a grandparent's right to intervene in the dispositional phase of an involuntary termination-of-parental-rights proceeding under Iowa Code section 232.117. *See In re J.R.*, 315 N.W.2d at 752. The grandparents in *In re J.R.* sought to intervene so they could be heard on the transfer of guardianship and custody of their grandchildren following termination of parental rights. *Id.* at 751. Section 232.117(3) specifies those eligible to serve as guardian or custodian of a child whose parents' rights have been terminated:

If the court terminates the parental rights of the child's parents, the court shall transfer the guardianship and custody of the child to one of the following:

. . . .

c. A relative or other suitable person.

We held that because section 232.117(3)(c) gave grandparents, as relatives, a legal right to be considered for guardianship and custody, they possessed a sufficient legal interest in the outcome of an involuntary termination-of-parental-rights proceeding to allow intervention. *Id.* at 752; *accord In re Chad*, 318

---

1. One is also "interested" under rule 75 if he or she has "a legal liability which will be directly enlarged or diminished by the judgment or decree" in the pending action. *In re J.R.*, 315 N.W.2d at 752 (quoting 59 Am.Jur.2d *Parties*

§ 438, at 567 (1971)); *accord In re C.L.C.*, 479 N.W.2d 340, 343 (Iowa App.1991). We do not discuss this aspect of the "interested" test as it has no application under the facts of this case.

N.W.2d 213, 216 (Iowa 1982) (statute allowing "relative or other suitable person" to be considered for a custodian in termination-of-parental-rights case confers a legal interest sufficient to satisfy test for intervention). We see no basis to distinguish this termination case from the CINA case before us.

A statutory right to be considered for custody also exists in the dispositional phase of a CINA proceeding. Under section 232.102(1)(a), a grandparent may be considered for custody of the child in need of assistance:

> 1. After a dispositional hearing the court may enter an order transferring the legal custody of the child to one of the following for purposes of placement:
>
> *a.* A relative or other suitable person.

As a "relative," a grandparent enjoys a statutory "legal right" to be considered for custody in the dispositional phase of a CINA proceeding. Therefore, the grandmother here has a clear, statutorily-created interest in the outcome of the CINA dispositional hearing. Consequently, she has a right to intervene under rule 75. To the extent the juvenile court held that intervention was inappropriate as a matter of law, the court erred.

### V. *Discretion to Deny Intervention.*

■ The State argues the trial court merely exercised its discretion to deny intervention in a proper case. *See DeVoss,* 474 N.W.2d at 541. As noted above, the district court may exercise discretion in evaluating the sufficiency of the interest asserted by the intervenor. In a situation somewhat analogous to the present case, our court of appeals acknowledged the district court's discretion to determine who is a "suitable person" under section 232.117(3)(c), the statute allowing the court to consider "a relative or other suitable person" as a possible guardian and custodian of a child in a termination proceeding. *In re C.L.C.,* 479 N.W.2d 340, 344 (Iowa App.1991).

We think a district court may also exercise its discretion in deciding who is a "relative" within the contemplation of section 232.102(1)(a). The term "relative" could conceivably be so broadly defined that any person with any genealogical connection to the child could intervene. Thus, a district court must consider the degree of the biological connection together with all other circumstances in deciding whether the person seeking to intervene is a "relative" and therefore, has a sufficient interest under rule 75.

Although we agree that there is room for discretion in deciding who is a "relative" under section 232.102(1)(a), we cannot defer to the juvenile court's exercise of discretion in the present case. We find no support for the conclusion A.G.'s grandmother does not qualify as a "relative" under section 232.102(1)(a). Grandparent status signifies such a close biological relationship with a child that it alone qualifies a person as a "relative" within the meaning of section 232.102(1)(a). Therefore, we hold A.G.'s grandmother should have been allowed to intervene in the dispositional phase of this CINA proceeding. The juvenile court erred in not permitting intervention.

■ In reaching this conclusion, we have considered the State's argument that grandparents should not be allowed to intervene in a CINA dispositional hearing until the parent-child relationship is severed, because a grandparent's rights to the child are derivative of the parent's rights. *See In re A.C.,* 428 N.W.2d 297, 302 (Iowa 1988) (grandparent visitation pursuant to now-repealed visitation statute terminates upon child's adoption); *In re Adoption of Gardiner,* 287 N.W.2d 555, 557–58 (Iowa 1980) (relationship of a grandparent to a child arises by virtue of the child's relationship to its parent). The State argues the grandmother's "rights" to A.G. cannot be affected by the CINA proceeding, presumably because, in the State's view, she has no rights of her own. Additionally the State contends because the grandmother's rights are derivative of the parents' rights, the parents can adequately represent those rights in the CINA proceeding, making intervention by the grandmother unnecessary. We disagree. While it may be true that a grandparent's rights to his or her grandchild are derivative of the parent's rights to his or her child, this grandparent/parent relationship must be distinguished from the grandparent's rights to the grand-

child vis a vis the state. The grandparent's statutory right to be considered for custody of a grandchild upon a CINA disposition exists independently of a parent's relationship to the child. Therefore, we find the State's arguments unpersuasive.

## VI. *Conclusion.*

Iowa Code section 232.102(1)(a) allows the juvenile court to consider placing a child in need of assistance in the custody of a "relative or other suitable person." This statutory provision gives A.S., as A.G.'s grandmother, a "legal interest" in the outcome of the dispositional hearing. Moreover, this interest would be directly affected by the court's decision on custody in the CINA proceeding. Therefore, under rule 75 A.S. had a right to intervene, leaving no room for a discretionary denial of intervention by the juvenile court.

The juvenile court erred in denying A.S.'s petition to intervene in the dispositional phase of the CINA proceeding involving her granddaughter. Although we hold A.S. should be allowed to intervene, we express no opinion on her suitability to serve as guardian or custodian of her granddaughter.

Our decision that A.S. should be allowed to intervene makes it unnecessary to consider her third assignment of error regarding her desire for a forum to litigate her visitation rights. As an intervenor, A.S. will now have an opportunity to address visitation issues upon remand. This case is reversed and remanded to the juvenile court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**