**IN THE COURT OF APPEALS OF IOWA**

No. 15-2193
Filed April 6, 2016

**IN THE INTEREST OF A.S.,**
**Minor Child,**

**R.B. and K.B., Grandparents,**
        Intervenors-Appellants.
_____

        Appeal from the Iowa District Court for Polk County, Romonda D. Belcher,

District Associate Judge.


        Maternal grandparents appeal the juvenile court decision denying their

request to intervene in child-in-need-of-assistance proceedings.  **AFFIRMED.**



        Lori Ann Bullock of Scheldrup Blades Schrock Smith, P.C., West Des

Moines, for intervenors-appellants.

        Thomas J. Miller, Attorney General, and Janet L. Hoffman and Bruce L.

Kempkes, Assistant Attorneys General, for appellee State.

        ConGarry D. Williams, Juvenile Public Defender, Des Moines, for minor

child.



        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Maternal grandparents R.B. and K.B. appeal the juvenile court decision denying their request to intervene in a child in need of assistance (CINA) proceeding. We find the juvenile court did not abuse its discretion in denying the motion to intervene. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

On January 14, 2015, the child was removed from the care of the parents and placed in the temporary legal custody of the maternal grandparents, R.B. and K.B. At that time there were concerns about the mother's use of methamphetamine and the father was in prison. In the CINA adjudication and disposition order the court ordered temporary legal custody of the child would remain with the maternal grandparents, under the supervision of the Iowa Department of Human Services (DHS).

The father was discharged from prison in April 2015. After a review hearing, the court entered an order on August 4, 2015, stating the father could transition to overnight visits at the discretion of DHS. The grandparents filed a motion to intervene on August 21, 2015.

The father filed a motion on October 29, 2015, seeking to have the child placed in his care. The mother resisted the motion to modify the child's placement. On November 2, 2015, the juvenile court placed the child in the

temporary legal custody of the father, pending a further hearing. The mother appealed the juvenile court's order.[1]

While the appeal was pending, a hearing on the grandparents' motion to intervene was held on December 8, 2015. In an offer of proof, the grandmother testified the grandparents were willing to take the child back into their care if he could not stay with either parent. On the record, the court found the motion for intervention was timely and the grandparents had an interest in the case. The court found, however, the grandparents were not seeking custody of the child but were stating a future interest in case the parents could not care for the child. The court also found the grandparents' interest was adequately represented by the existing parties. The court entered an order stating, "Motion for Intervention is hereby denied for reasons stated on the record." The grandparents appeal the juvenile court decision denying their motion to intervene.

## II. Standard of Review

"We review the denial of a motion to intervene for correction of errors at law, giving some deference to the district court's discretion." *In re A.G.*, 558 N.W.2d 400, 403 (Iowa 1997). "The juvenile court is accorded a certain amount of discretion to deny intervention in proper cases." *In re E.G.*, 738 N.W.2d 653, 655 (Iowa Ct. App. 2007).

## III. Merits

The grandparents claim the juvenile court erred by denying their motion to intervene in the CINA proceeding. They state they should have been permitted

---

[1] The Iowa Supreme Court granted the State's motion to dismiss on December 9, 2015. The court found the appeal should be treated as an application for an interlocutory appeal and denied the application.

to intervene under Iowa Rule of Civil Procedure 1.407. They claim the denial of their motion to intervene impaired their interest in the CINA proceedings. Furthermore, the grandparents claim the child's mother, who is their daughter, did not adequately represent their interests.

Iowa Rule of Civil Procedure 1.407(1) provides:

> Upon timely application, anyone shall be permitted to intervene in an action under any of the following circumstances:
> . . . .
> b. When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Under this provision, concerning intervention as of right, an applicant must show (1) the application to intervene was timely, (2) an interest in the subject matter of the action, (3) the applicant's ability to protect that interest may be impaired or impeded by the disposition of the action, and (4) the applicant's interest is not adequately represented by the existing parties. Iowa R. Civ. P. 1.407(1)(b).

In denying the motion to intervene, the juvenile court stated, on the record:

> This Court, after hearing the offer of proof and hearing the arguments of counsel and reviewing the case law, In the Interest of A.G., and in reviewing the Iowa Rule of Civil Procedure 1.407, this Court does find that an intervenor motion for intervention was timely.
> Further, the Court finds that the intervenor, the grandmother, has an interest. However, the Court does not find that the interest may be impaired, nor does the Court find that their interest is not adequately represented. The intervenors' interest is represented by the existing parties. And the Court does not find that the intervenors' interest is adverse to the existing parties' interest, adverse to the intervenors parties' interests.
> The Court does not find that there have been compelling reasons for this Court to determine that the intervenors' interest is not adequately represented. The intervener indicated that her

interest is that the child being placed with the mother and if the child was not able to be placed with the mother or the father, then she would request placement. The grandmother is not seeking placement, only seeking placement if placement with a parent is not possible.

Currently, the child is placed with the child's father as the child's father has been deemed to be appropriate and a safe placement for the child. Even if the grandparent had counsel at the time that this Court made the determination that the placement was modified from the grandparents' custody to that of the father's custody, the grandparents' interest would not supersede that of the father's interest, and the father is being determined to be suitable, appropriate, and a safe placement for his child.

For those reasons, the Court further is going to find that intervention at this time, as the child is placed with a parent, is not in the child's best interests. So for the reasons thus stated, the Court hereby denies the motion to intervene. That is the Court's order.

"Although we are to liberally construe the rule of intervention, we must be certain that the applicant has asserted a legal right or liability that will be directly affected by the litigation." *In re H.N.B.*, 619 N.W.2d 340, 343 (Iowa 2000). A grandparent has the "legal right" to be considered for custody in the dispositional phase of a CINA proceeding, and therefore, has the right to intervene at that phase of the proceedings. *See A.G.*, 558 N.W.2d at 404. In the present case, the grandparents were not seeking custody of the child, but rather stated they would be interested in resuming custody of the child in the future if the parents were not able to care for the child. We conclude the court did not abuse its discretion in denying the motion to intervene. We affirm the decision of the juvenile court.

**AFFIRMED.**