# IN THE COURT OF APPEALS OF IOWA

No. 19-0413
Filed July 24, 2019

**IN THE INTEREST OF W.C.,**
**Minor Child,**

**J.B., Intervenor,**
          Appellant.

_____

Appeal from the Iowa District Court for Allamakee County, Linnea M.N. Nicol, District Associate Judge.

An applicant appeals the juvenile court's order denying his request to intervene in child in need of assistance proceedings. **AFFIRMED.**

J.B., Luana, pro se appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Whitney L. Gessner of Gessner Law Office, Decorah, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., Bower, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

J.B. appeals the juvenile court's decision denying his request to intervene in child-in-need-of-assistance (CINA) proceedings. J.B. did not preserve error on his claims regarding discovery or the recusal of the judge. We determine the juvenile court did not err in denying J.B.'s application to intervene. We affirm.

## I.    Background Facts & Proceedings

On July 25, 2018, the State initiated CINA proceedings for W.C., born in 2015. The father was listed as J.R. and the mother as P.C. The child was removed from the mother's care and placed with the maternal grandparents. The mother was reportedly living with D.H., a convicted felon, at the time of the removal. The child was adjudicated to be in need of assistance.

On October 4, J.B., who formerly lived with the mother and child, filed a pro se application to intervene in the CINA proceedings. J.B. is not the biological father of the child. J.B. stated the child saw him as a father figure and he believed it would be in the child's best interest for him to be involved in the child's life. The juvenile court entered an order on October 11, 2018, denying the application to intervene:

> On October 4, 2018, [J.B.] filed a Petition to Intervene in the case of [W.C.]. [J.B.] appeared at the hearing scheduled for October 4, 2018. [J.B.] was given an opportunity to be heard on the content of his motion. All parties were given an opportunity to be heard. All the named parties resisted the intervention of [J.B.]. The court finds that [J.B.] does not fit into one of the categories of persons who are mandatory intervenors. The court does not find a connection between [J.B.] and the child that justifies intervention in this action.

On November 20, J.B. filed a new application to intervene through counsel, stating he had resided with the child for a period of time and they had a close

relationship. J.B. stated he wanted to be considered as a potential placement option for the child in the event the mother was not able to regain custody. In the order setting the application for hearing, the court requested legal authority for the intervention of a non-relative. The mother filed a resistance to the application to intervene, noting J.B. did not have a biological relationship with the child and had not been involved with the child for a substantial period of time.

A hearing on the matter was held on January 31, 2019. J.B. testified he and the mother "were together for a couple months, living together," in late 2017 to early 2018. He stated even after the mother moved, he kept relations with the child "for some time after that." J.B. testified, "I feel I became like a father figure to him, and I see him as, you know, not my biological son, but as my son." He stated he wanted to resume regular visitation and potentially be considered as a placement option. J.B. submitted an affidavit from his aunt, stating J.B. had a close relationship with the child. J.B. also presented photographs of his home. The juvenile court denied J.B.'s request to intervene. J.B. appealed the juvenile court's decision.

## II. Standard of Review

"Our review of a denial of a motion to intervene is for the correction of errors at law." *In re H.N.B.*, 619 N.W.2d 340, 342 (Iowa 2000). "Although our review is on error, we accord some discretion to the district court." *Id.* "The district court exercises this discretion when determining whether an applicant intervenor is 'interested' in the litigation before the court." *Id.* at 342–43. In CINA proceedings, our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III. Merits

**A. Discovery.**

J.B. claims the juvenile court should have permitted him to conduct discovery prior to making its decision concerning whether he could intervene in the case. He states the mother did not testify at the hearing on his application to intervene. The record does not show any discovery requests made by J.B. Also, the issue of discovery was not discussed at the hearing on his application held on January 31, 2019. We conclude J.B. has not preserved this issue for our review. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases.").

**B. Judicial Neutrality.**

J.B. also claims there was a lack of judicial neutrality. The juvenile court record does not contain any indication J.B. asked the judge to recuse herself. Additionally, the issue was not raised at the hearing on the application to intervene. Because the issue was not raised before the juvenile court, we determine it has not been preserved for our review. *See id.*

**C. Intervention.**

J.B. asserts the juvenile court should have granted his application to intervene. J.B. claimed he could intervene in the case because he was a "suitable person" to assume the care of the child if the child was not returned to the mother. After a dispositional hearing, an option for placement of a child is with a relative "or other suitable person." Iowa Code § 232.102(1)(a)(1) (2018). A person who has a statutory right "to be considered for custody in the dispositional phase of a CINA

proceeding," may be able to intervene.  *In re A.G.*, 558 N.W.2d 400, 402 (Iowa 1997).

The criteria for intervening in a CINA proceeding is found in Iowa Rule of Civil Procedure 1.407.  *In re D.E.*, No. 13-0554, 2013 WL 4769378, at *2 (Iowa Ct. App. Sept. 5, 2013) (citing *A.G.*, 558 N.W.2d at 402).  Under rule 1.407(1)(b), a person may intervene,

> [w]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

A person "is 'interested' if the legal proceeding will directly affect a legal right."  *Id.* (citing *A.G.,* 558 N.W.2d at 403).

"Although we are to liberally construe the rule of intervention, we must be certain that the applicant has asserted a legal right or liability that will be directly affected by the litigation."  *H.N.B.*, 619 N.W.2d at 343.  A "suitable person" who could assume custody of a child and should be afforded the right to intervene may include "interested persons who have provided financial support, routine care of a child, [and] shared their love and care for a child."  *D.E.*, 2013 WL 4769378, at *2. "However, an 'indirect, speculative or remote interest' is not sufficient to 'provide one a right to intervene.'"  *Id.* (quoting *H.N.B.*, 619 N.W.2d at 343).  "For instance, 'the mere interest or desire to adopt a child will not qualify as a sufficient interest.'" *Id.* (quoting *H.N.B.*, 619 N.W.2d at 343).  "The sufficiency of the interest asserted by the intervenor under the 'suitable person' provision is considered in light of the nature of the proceeding and surrounding facts and circumstances."  *Id.* (quoting *H.N.B.*, 619 N.W.2d at 343).

The juvenile court "may exercise discretion in evaluating the sufficiency of the interest asserted by the intervenor." *A.G.*, 558 N.W.2d at 404. The court has the "responsibility to exercise its discretion in determining" who are "suitable persons." *In re C.L.C.*, 479 N.W.2d 340, 344 (Iowa Ct. App. 1991). At the hearing, the juvenile court stated, "I am going to deny [J.B.'s] request for intervention. I don't believe his contact with the child is substantial. I don't believe he qualifies as a suitable person in the intention of the statute." This finding was well within the discretion of the juvenile court.

We conclude the juvenile court did not err in concluding J.B. was not a "suitable person" under section 232.102(1)(a)(1). J.B. had lived with the mother for about two months and had not seen the child for about a year at the time of the hearing on the application to intervene. Due to the finding J.B. was not a "suitable person," he did not have the legal right to intervene in the CINA proceedings. *See id.*

We affirm the decision of the juvenile court.

**AFFIRMED.**