**IN THE COURT OF APPEALS OF IOWA**

No. 19-2141
Filed April 15, 2020

**IN THE INTEREST OF E.F.,**
**Minor Child,**

**S.W. and R.W., Intervenors,**
    Appellants.
_____

Appeal from the Iowa District Court for Pottawattamie County, Eric J. Nelson, District Associate Judge.

Former foster parents appeal the juvenile court's denial of their motion to intervene. **AFFIRMED.**

Amy Garreans of Garreans Law, LLC, Council Bluffs, for appellants.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Norman L. Springer, Jr. of McGinn, Springer & Noethe, PLC, Council Bluffs, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

Former foster parents of a child appeal the juvenile court's denial of their motion to intervene in a child-in-need-of-assistance (CINA) case. We determine the juvenile court did not err in denying the motion to intervene and affirm.

The child was placed with the foster parents' (intervenors) family from April to October 1, 2019. At that time, the intervenors' foster care license was placed on hold due to concerns relating to the family's other children, and the department of human services (DHS)—which at all times had custody of the child—changed the child's placement to a new foster family. Two weeks after the child's placement changed, the permanency goal in the CINA case was changed from reunification to termination of parental rights and adoption. The intervenors wanted to be considered as a suitable permanent placement for the child and, on December 2, filed a motion to intervene requesting placement. The juvenile court found "they do not have a legal interest that would be affected by the outcome of this case and should not be allowed to intervene herein." The intervenors appeal.

While we generally review CINA proceedings de novo, when the issue is one of statutory interpretation we review for correction of errors at law. *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014). "Although our review is on error, we accord some discretion to the district court. The district court exercises this discretion when determining whether an applicant intervenor is 'interested' in the litigation before the court." *In re H.N.B.*, 619 N.W.2d 340, 342–43 (Iowa 2000) (citations omitted).

Iowa Code section 232.91(2) (2019) provides, "An agency, facility, institution, or person, including a foster parent or an individual providing

preadoptive care, may petition the court to be made a party to proceedings under this division." This is not an unconditional right for a foster parent to intervene, and the juvenile court has some discretion to deny intervention. *In re E.G.*, 738 N.W.2d 653, 655 (Iowa Ct. App. 2007); *see* Iowa R. Civ. P. 1.407(4) (allowing the court to grant or deny permissive intervention "as the circumstances require"). The court considers "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Iowa R. Civ. P. 1.407(2). The court's discretion "is to be exercised on the question of whether an intervenor is 'interested' in the litigation." *In re A.G.*, 558 N.W.2d 400, 403 (Iowa 1997). "An indirect, speculative, or remote interest will not provide one a right to intervene. Thus, the mere interest or desire to adopt a child will not qualify as a sufficient interest." *H.N.B.*, 619 N.W.2d at 343 (citations omitted).

The juvenile court considered whether the intervenors would be "suitable persons" for custody under Iowa Code section 232.102(1)(a)(1). While acknowledging the intervenors cared for and supported the child for six months, the court also considered the child had been with a new foster family for more than two months. The intervenors' fostering license was put on "hold" in October and remained on hold at the time of the hearing on their motion to intervene. Not only are the intervenors no longer the child's foster parents, they are not eligible to foster the child at this time. *See* Iowa Code § 237.4 (requiring parties providing foster care to have a valid foster care license). The juvenile court noted the intervenors' potential to be considered 'suitable' was "too contingent upon circumstances outside this litigation."

The only current interest the intervenors have in the litigation is their desire to adopt the child. Not only is that an insufficient interest on its own, the parents' rights have not been terminated and the intervenors' desire to adopt the child is speculative. *See H.N.B.*, 619 N.W.2d at 343.

We conclude the juvenile court did not err in concluding the intervenors were not "suitable persons" as contemplated by Iowa Code section 232.102(1)(a)(1). Because they were not "suitable persons," they did not have the legal right to intervene in the CINA proceedings.

**AFFIRMED.**