# IN THE COURT OF APPEALS OF IOWA

No. 21-1121
Filed November 3, 2021

**IN THE INTEREST OF G.E.,**
**Minor Child,**

**E.J., Intervenor,**
          Appellant.

_____

Appeal from the Iowa District Court for Decatur County, Monty Franklin, District Associate Judge.

A half-sister appeals the denial of her motion to intervene in a child-in-need-of-assistance proceeding. **AFFIRMED.**

Robb D. Goedicke of Neighborhood Law Group of Iowa, P.C., West Des Moines, for appellant intervenor.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Michael Maynes of Maynes Law Office, Greenfield, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

E.J. appeals from the juvenile court's denial of her motion to intervene in the child-in-need-of-assistance (CINA) proceedings involving her half-sister, G.E. We affirm.

We review the denial of a motion to intervene for legal error. *In re H.N.B.*, 619 N.W.2d 340, 342 (Iowa 2000). However, we afford some discretion to the district court. *Id.* "This discretion is not the ability to deny intervention where the prerequisites of [Iowa Rule of Civil Procedure 1.407] have been met. Rather, this discretion is to be exercised on the question of whether an intervenor is 'interested' in the litigation." *In re A.G.*, 558 N.W.2d 400, 403 (Iowa 1997); *see In re E.G.*, 738 N.W.2d 653, 655 (Iowa Ct. App. 2007) ("The juvenile court is accorded a certain amount of discretion to deny intervention in proper cases."). "The closeness of the relationship between the child in interest and the intervenor is a critical factor in determining the sufficiency of the interest of an intervenor." *In re D.H.*, No. 09-1830, 2010 WL 1375179, at *1 (Iowa Ct. App. Apr. 8, 2010) (citing *H.N.B.*, 619 N.W.2d at 344); *see also A.G.*, 558 N.W.2d at 404 (recognizing the juvenile court "must consider the degree of the biological connection together with all other circumstances in deciding whether the person seeking to intervene is a 'relative' and therefore, has a sufficient interest under rule [1.407]").

Here, the juvenile court found E.J. failed to establish a relationship with G.E. to demonstrate a sufficient interest in the CINA proceedings. At the hearing on the motion to intervene, E.J. testified as to her involvement in G.E.'s life.[1] However,

---

[1] The juvenile court considered the motion to intervene at the combined permanency and termination hearing.

the juvenile court found her testimony was not credible. Conversely, the mother testified that E.J. "attended one birthday party, no phone calls, no Merry Christmases, no nothing. We went to her kids' birthday parties, when we were invited, and other than that, that's about the extent" of E.J.'s involvement with G.E. Because E.J.'s relationship with G.E. is not a close one, we conclude the juvenile court did not err in denying her motion to intervene. *See D.H.*, 2010 WL 1375179, at *1 ("Given the limited involvement the maternal aunt and uncle had in the children's lives, we find the court did not err in denying the motion to intervene.").

**AFFIRMED.**