Katherine HARTWIG, Appellant,

v.

BOARD OF NURSING OF the STATE OF IOWA, Appellee.

No. 88–1512.

Supreme Court of Iowa.

Nov. 22, 1989.

John J. Carlin of Carlin, Hellstrom & Bittner, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., and Theresa O'Connell Weeg, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and NEUMAN, JJ.

CARTER, Justice.

Katherine Hartwig, the petitioner in an action for judicial review of agency action under Iowa Code section 17A.19 (1987), appeals the district court's decision affirming the Iowa Board of Nursing's revocation of her nursing license. Upon considering the arguments of the parties, we affirm the judgment of the district court.

The board of nursing is a licensing board as defined in Iowa Code section 258A.1(1)(n) (1987). Iowa Code section 258A.4 (1987) authorizes licensing boards to establish procedures for reviewing complaints against licensees and for imposing appropriate discipline upon those persons, including suspension or revocation of their licenses.

David W. Lamb, executive director for the Iowa Board of Nursing (the board), conducted an investigation of petitioner's activities motivated by (a) a complaint from the hospital where petitioner had been employed, and (b) circumstances surrounding petitioner's probationary status under a prior order of the board involving a charge of substance abuse on her part. Following his investigation, Lamb, on August 12, 1988, filed a statement of proposed charges with the board. These charges included allegations that petitioner had (a) failed to abide the conditions of probation imposed upon her under a prior disciplinary order of the board, (b) misappropriated prescription drugs while working in a hospital, and (c) evidenced an addiction to the use of drugs.

Lamb's action was taken pursuant to 655 Iowa Administrative Code 4.2(4), which provides:

The executive director or authorized designee shall investigate complaints to determine whether a violation of applicable law or rule has occurred and whether the licensee in question committed the violation. The investigation shall result in one of the following:

*a.* Presentation of a statement of charges to the board and recommendation that a hearing be held because probable cause exists.

*b.* Presentation of the complaint to the board and recommendation for dismissal because there is insufficient evidence to substantiate the allegation.

*c.* Request for the board to appoint a peer review committee.[1]

After reviewing Lamb's proposed charges, the board, on September 17, 1986, made a finding that, due to the seriousness of the allegations, summary suspension of petitioner's license was warranted under Iowa Code sections 17A.18(3) and 147.55(4) (1985). Petitioner was given notice of the summary suspension together with a statement that, because of the summary nature of the suspension, a prompt hearing would be accorded on the charges. October 31, 1986, was suggested as the date for that hearing. Petitioner requested a delay beyond that date, and the hearing was ultimately held on January 9, 1987. Prior to that hearing, Lamb filed an "addendum" of charges stating that, in addition to the other matters alleged, petitioner had held herself out as a practicing registered nurse during the time her license was under summary suspension.

Following the January 9, 1987, hearing, the board found that several of the alleged violations of professional responsibility had been established. Among other things, the board found that the evidence sustained a finding that petitioner had misappropriated the drug Nubaine from the hospital where she was employed, that she had failed to comply with the probationary conditions of a previous disciplinary order with respect to reporting her personal use of prescription medications to the board, that she evidenced behavior indicative of a substance abuse problem, and that she had applied for employment as a registered nurse while her license was under suspension. The board ordered the revocation of petitioner's license.

In challenging the district court's order upholding the license revocation, petitioner does not contend that the evidence was insufficient to sustain the charges. She bases her appeal on (1) an alleged failure of the board to follow its own regulations in the disciplinary process, and (2) a contention that the board could not act as a fair and impartial tribunal because it was both prosecutor and adjudicator. We will consider both of these contentions.

I. *Alleged Failure of the Board to Follow Its Own Regulations.*

Petitioner asserts that at no time in the proceedings did the executive director who investigated the charges make a "recommendation that a hearing be held because probable cause exists." She urges that this failure on Lamb's part violates 655 Iowa Administrative Code 4.2(4)(a), which we have set forth earlier in this opinion. She also asserts that the board, in acting on Lamb's proposed charges, failed to "determine the existence of probable cause" prior to ordering a hearing, a failure she contends violates 655 Iowa Administrative Code 4.3(4). Finally, petitioner contends that the agency's failure to follow its own regulations in the administrative proceedings violates her right to due process of law under the federal constitution.

Petitioner suggests that any failure by an administrative agency to follow its own rules and regulations gives rise to a due process violation. We believe that this contention overstates the effect of such omissions. Neither *Vitarelli v. Seaton,* 359

---

**1.** This regulation and other applicable regulations of the Iowa Board of Nursing are cited as they now appear in the Iowa Administrative Code. At the time of the transactions involved in the present case, the identical regulations were contained in 590 Iowa Administrative Code.

U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959), nor *Sherman v. Yakahi,* 549 F.2d 1287 (9th Cir.1977), cited by petitioner, stand for the proposition that all deviations by an agency from the agency's own rules give rise to a due process violation. This court has recognized that if an omitted procedural step required by a statute or regulation is not essential to accomplishing the primary purpose of an agency's mission but is designed only to assure order and promptness in the proceeding a failure to follow the prescribed procedure will not invalidate subsequent proceedings unless prejudice is shown. *Sheet Metal Contractors of Iowa v. Commissioner of Ins.,* 427 N.W.2d 859, 865· (Iowa 1988); *Taylor v. Department of Transp.,* 260 N.W.2d 521, 523 (Iowa 1977).

■ We need not determine whether a preliminary finding of probable cause prior to proceeding to hearing is a sufficiently critical part of the process to invalidate a decision rendered after a full evidentiary hearing has been had. We are satisfied in the present case that both the executive director and the board substantially complied with the requirement for a preliminary determination of probable cause, albeit without an express articulation of such finding. Included in the proposed written charges Lamb presented to the board was a recommendation that a hearing be held on the charges. The board, after reviewing Lamb's recommendation, proceeded to hold a hearing on those matters. Both Lamb and the board presumably were aware of the regulations under which they were acting. It is inconceivable that they would have proceeded in such a manner had they not found probable cause to do so.

II. *Whether the Board Improperly Combined the Functions of Prosecutor and Adjudicator.*

■ We next consider petitioner's contention that the board could not act as a fair and impartial tribunal because it was both prosecutor and adjudicator with respect to the charges against her. In support of this contention, petitioner cites *In re Murchison,* 349 U.S. 133, 75 S.Ct. 623,

99 L.Ed.2d 942 (1975) (violation of due process where judge acting as sole grand juror subsequently tried person charged with contempt in grand jury session), and *Keith v. Community School District of Wilton,* 262 N.W.2d 249, 260 (Iowa 1978) (violation of due process where school board solely responsible for investigation, instigation, prosecution, and decision-making on teacher removal).

In *Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712, 723–24 (1975), the Supreme Court stated:

> The contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication has a much more difficult burden of persuasion to carry. It must overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented.

The petitioner does not appear to have met the burden prescribed in *Withrow.* *See also Wedergren v. Board of Directors,* 307 N.W.2d 12, 17 (Iowa 1981) (no due process violation from combination of investigative and decision-making functions because school board's decision to terminate had to be based solely on the record made at an adversary hearing before a hearing officer); *cf.* Iowa Code § 17A.17(3) (1989) (no explicit prohibition on combination of investigative and adjudicative functions).

Hartwig next claims that the board acted as prosecutor. *See* Iowa Code § 17A.17(3) (explicitly prohibiting the combination of the prosecutorial and adjudicative functions). Her arguments regarding the prosecutorial role played by the board are somewhat tenuous. She points to the following circumstances: (1) the board captioned a correspondence to the petitioner's attorney "Board of Nursing v. Katherine

Hartwig," (2) the board cross-examined witnesses during the hearing, and (3) the board exhibited a "prosecutorial predilection."

The points raised do not seem sufficient to classify the board as a prosecutor nor do they show that the board was in some way unfair. Regardless of how the case is captioned, the actual prosecution of the case was handled by the attorney general's office. Some questioning of witnesses by the board is permissible and is therefore not the sole province of the prosecution. *See* Iowa Code § 17A.14 (1989) (no explicit prohibition of questioning by tribunal); *cf. Cedar Rapids Human Rights Comm'n v. Cedar Rapids Community School Dist.*, 222 N.W.2d 391, 402 (Iowa 1974) (agency hearings not required to follow same procedures as courts of record). Further, questioning by the board does not violate the basic elements of due process that must accompany administrative hearings. *See Carr v. Iowa Employment Sec. Comm'n*, 256 N.W.2d 211, 214 (Iowa 1974) ("basic or fundamental elements of due process of law are notice and opportunity to defend").

Petitioner asserts that the preliminary action of the board in summarily suspending her license caused it to make a preliminary determination of the facts prior to hearing all of the evidence, thus precluding subsequent impartiality on its part. We disagree. At the time the board summarily suspended petitioner's license, it had done no more than conclude that there was probable cause for the proposed charges and that the seriousness of the violations warranted an immediate temporary suspension, subject to petitioner's right to a prompt hearing on the merits. As such, it was acting in much the same manner as a court which issues a temporary injunction prior to hearing a request for a permanent injunction on the merits. We do not believe that this circumstance supports a determination that the board had improperly prejudged the case. We have considered all arguments presented and conclude that the district court was correct in upholding the agency's order. The judgment of the district court is affirmed.

AFFIRMED.