Gary W. FISHER, Appellee,

v.

IOWA BOARD OF OPTOMETRY EXAMINERS, Respondent,

State of Iowa, Appellant.

No. 90–755.

Supreme Court of Iowa.

Oct. 16, 1991.

Bonnie J. Campbell, Atty. Gen., Elizabeth M. Osenbaugh, Deputy Atty. Gen., and Rose A. Vasquez, Asst. Atty. Gen., for appellant.

John A. McClintock and David L. Brown of Hansen, McClintock & Riley, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

The issue raised in this appeal is whether the State of Iowa is a party in a contested case proceeding before the Board of Optometry Examiners (board). After the board had issued its amended decision and order, the licensee filed a petition for judicial review in district court. The State, through the attorney general, filed a petition for intervention claiming it had a right to intervene in the proceeding. The district court denied intervention. We reverse.

I. *Scope of Review.*

This appeal involves intervention as of right. Therefore, we review the district court's denial of the petition for intervention on error. *In re Estate of DeVoss,* 474 N.W.2d 539 (Iowa 1991).

II. *Factual and Procedural Background.*

In September 1988, a statement of charges and disciplinary proceeding was brought against optometrist Dr. Gary W. Fisher by the board. The notice of hearing and statement of charges served upon Fisher advised him that the hearing would be presided over by the board which would be assisted by an administrative law judge (ALJ). The notice also named the assistant attorney general who would represent the State of Iowa. At the hearing before the board, the ALJ presided, the assistant attorney general prosecuted the case, and Fisher was represented by counsel. Following the hearing, the board filed its findings of fact, conclusions of law, decision and order. This order dismissed the charges filed by the board against Fisher.

Within twenty days after the board's decision, the assistant attorney general, who was present and prosecuted the case at the contested case hearing, filed an application for a rehearing on behalf of the State. *See* Iowa Code § 17A.16(2) (1989). Independent counsel was appointed to represent the board. The board, the ALJ, and the board's independent counsel reconvened in closed session. The board then issued an amended findings of fact, conclusions of law, decision and order. The order directed Fisher to cease certain examination procedures and placed his license to practice optometry on probation for a term of three years. Fisher sought judicial review of the amended decision of the board in district court. *See* Iowa Code § 17A.19.

The board, by its independent counsel, filed an answer to Fisher's petition for judicial review. The State, by a deputy attorney general and the same assistant attorney general present at the contested case proceeding, filed a petition for intervention. The State argued it had prosecuted the contested case before the board, and as a party of record in the contested case, it is entitled to intervene as of right pursuant to Iowa Code section 17A.19(2). The State also argued in the alternative that it is an "interested" person entitled to intervene under Iowa Rule of Civil Procedure 75. Fisher resisted the State's motion to intervene.

Following hearing on the State's petition, the court found:

All issues relative to the proceedings herein before the Iowa Board of Optometry can adequately and properly be briefed and argued by counsel for Gary Fisher and the Iowa Board of Optometry Examiners.... The court is not persuaded that the State of Iowa has an independent interest on behalf of "the people of Iowa" independent of a Board it represented through the Attorney General in the administrative agency. This court sees no useful purpose to be served by promoting a multiplicity in parties achieving a desired result where the pur-

pose and interests of those parties are or should be totally compatible.

We granted the State's request for interlocutory appeal. *See* Iowa R.App.P. 2.

### III. *Who is a Party in an Administrative Proceeding?*

The Iowa Administrative Procedure Act (IAPA), Iowa Code ch. 17A, governs the conduct of contested case proceedings before the various agencies, boards and commissions of the State. The term "party" is defined in chapter 17A as "each person who is named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party." Iowa Code § 17A.2(6). The language "properly seeking and entitled as of right to be admitted as a party," is the key to this appeal.

We agree with the North Dakota Supreme Court that:

Generally, parties to an action or proceedings are set out in the title of the action of the proceedings. However, in matters before administrative agencies it is common to entitle the proceedings "IN THE MATTER OF _____." Such entitlement does not serve as an aid in determining who is a party, except for the applicant, on which there is no question. The question of who are the parties to the proceeding must be determined from the record rather than from the entitlement of the proceedings. The information as disclosed by the record constitutes the basis upon which a determination can be made as to who are parties to the proceedings.

*Application of Bank of Rhame*, 231 N.W.2d 801, 808 (N.D.1975).

Here, the administrative action was captioned, "In The Matter of The License to Practice as an Optometrist of Gary W. Fisher, O.D., Respondent." Yet, the actual prosecution of the case was handled by the attorney general's office, not by the Board of Optometry Examiners. *See Hartwig v. Board of Nursing*, 448 N.W.2d 321, 324 (Iowa 1989). The assistant attorney general made an opening statement, presented evidence, examined and cross-examined witnesses, and made a closing statement.

Fisher's counsel also made an opening statement, presented evidence, examined and cross-examined witnesses, and made a closing statement. The board served as the fact finder and was advised on certain legal issues by the ALJ. This is the common posture of the participants in an administrative contested case licensure hearing. *See Hartwig*, 448 N.W.2d at 321. However, this posturing does not automatically confer the status of "party" upon the State of Iowa.

"In Iowa the attorney general has only the powers given to him by statute." *Motor Club of Iowa v. Department of Transp.*, 251 N.W.2d 510, 513 (Iowa 1977). Such statute is to be found at Iowa Code section 13.2, which provides in pertinent part:

It shall be the duty of the attorney general, except as otherwise provided by law to:

. . . .

2. Prosecute and defend in any other court or tribunal, all actions and proceedings, civil or criminal, in which the state may be a party or interested, when, in the attorney general's judgment, the interest of the state requires such action, or when requested to do so by the governor, executive council, or general assembly.

Furthermore:

An attorney general should not seek to perform his duty to represent a department of state government where the goals of the department conflict with what the attorney general believes to be the state interest. State officers and state departments of government deserve adequate legal representation. No representation can be adequate unless it is without conflicts on the part of counsel.

*Motor Club*, 251 N.W.2d at 515.

Iowa Code section 13.7 provides the statutory mechanism for appointing independent counsel.

When the attorney general determines that the department of justice cannot perform legal services in an action or

proceeding, the executive council shall request the department involved in the action or proceeding to recommend legal counsel to represent the department. If the attorney general concurs with the department that the person recommended is qualified and suitable to represent the department, the person recommended shall be employed.

Iowa Code § 13.7.

We think it clear that the combination of these statutes and case law allows the State, represented by the attorney general, to be or become a party in a contested case proceeding. First, the language in section 13.7, "[w]hen the attorney general determines that the department of justice cannot perform legal services in an action or proceeding," necessarily includes the situation where conflicts exist between what the attorney general believes to be the State's interest and what the board believes to be its own interest. *Cf. Motor Club*, 251 N.W.2d at 515. We also think it clear that the attorney general may determine that such a situation exists prior to the commencement of the contested case action or during the progress of the contested case. The determination of the existence of potential conflicts and the appointment of independent counsel alone, however, do not necessarily confer the status of "party" on the State.

After the attorney general makes the determination that a potential conflict exists and brings it to the attention of the board, either by appointing independent counsel or notifying the board and other parties in the proceeding, the State must take affirmative action in order that the status of "party" be conferred upon it. Section 17A.2(5) defines party as a "person ... admitted ... or properly seeking and entitled as of right to be admitted as a party," thus requiring the affirmative action. The attorney general is permitted as of right to "prosecute ... in any ... tribunal ... when, in the attorney general's judgment, the interests of the State requires such action." Iowa Code § 13.2(2). The affirmative action requirement is met when the attorney general either seeks to be admitted as a party by requesting recognition as such or proceeds as a party in the administrative action. The status of party is conferred because the State, through the attorney general, is "properly seeking and entitled as of right to be admitted as a party." Iowa Code § 17A.2(5).

Such was the case here. At the time the board rendered its initial decision, the assistant attorney general recognized that there was a conflict between the interests of the State and the interests of the board. Independent counsel was appointed for the board. The State, through the assistant attorney general, applied to the board for a rehearing pursuant to Iowa Code section 17A.16(2) ("any *party* may file an application for rehearing" (emphasis added)). The application was brought on behalf of the State of Iowa as it began, "Comes Now the State of Iowa, and pursuant to Iowa Code section 17A.16(2), applies for rehearing." The State became a party at the time the application for rehearing was filed because at that time the State was "properly seeking and entitled as of right to be admitted as a party." Iowa Code § 17A.2(5).

Permitting a party to apply for rehearing serves many of the same purposes as an Iowa Rule of Civil Procedure 179(b) motion. It allows the board to clarify or correct its decision and order. It promotes judicial economy. We think the purpose of the IAPA contested case proceedings are furthered by allowing the State to become a party and petition for a rehearing before the board rendering the decision.

At the time the State petitioned for a rehearing, its interest was independent of the board. As a party, the State could file an application for rehearing under section 17A.16(2). The State did not, and has not, lost its status as a party because the board amended its decision.

### IV. *Disposition.*

It was error for the district court to deny the State's petition for intervention. The State became a party in the contested case proceeding and should continue to be recognized as a party upon judicial review.

We reverse the district court's denial of intervention.

REVERSED.