Frederick W. STRICKLAND, Jr., D.O., Petitioner–Appellant,

v.

**IOWA BOARD OF MEDICINE,**
Respondent–Appellee.

No. 07–1805.

Court of Appeals of Iowa.

Jan. 22, 2009.

Michael Sellers of Sellers, Haraldson & Binford, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Theresa Weeg, Assistant Attorney General, for appellee.

Heard by VOGEL, P.J., and MAHAN and MILLER, JJ.

VOGEL, P.J.

Frederick W. Strickland, Jr., D.O., appeals from the district court's dismissal of his petition for judicial review of an Iowa Board of Medical Examiners (Board) order, which required him to undergo a clinical competency evaluation. We affirm.

## I. Background Facts and Prior Proceedings

In 1979, Strickland was issued an Iowa medical license. From 1980 to 2001 he practiced at Des Moines University (University), where he treated patients and supervised students. In 2001, the University suspended Strickland's clinical privileges and reported the suspension to the Board. Subsequently, the Board commenced an investigation. On October 12, 2005, the Board issued an order requiring Strickland to undergo a clinical competency evaluation at the Center for Personalized Education for Physicians in Aurora, Colorado. This evaluation was to be done at Strickland's expense. On December 12, 2005, Strickland submitted a written objection to the order and requested an evidentiary hearing before the Board. On April 26, 2006, an evidentiary hearing was held, during which Strickland was represented by counsel. On June 22, 2006, the Board affirmed its previous order finding there were "reasonable grounds to believe that [Strickland] failed to provide appropriate evaluation and treatment to numerous patients." Thus, probable cause existed to require Strickland to submit to a comprehensive clinical examination. Strickland was ordered to undergo the examination within sixty days.[1]

---

1. Strickland did not undergo the examination within sixty days. On October 12, 2006, the Board filed a public statement of charges against Strickland alleging that he violated a lawful order of the Board and he failed to

On October 18, 2006, Strickland filed a petition for judicial review of the Board's June 2006 order.[2] The Board filed a motion to dismiss asserting that Strickland's petition was not timely filed. Following a hearing, the district court found that because this was a contested case under Iowa Code section 17A.2(5) (2005), Strickland was required to file his petition for judicial review within thirty days of the Board's final order. Because Strickland did not file his petition within the statutorily required time period, the district court granted the Board's motion to dismiss. Strickland appeals asserting that this is not a contested case, and thus, he was not required to file his petition for judicial review within thirty days of the Board's June 2006 order.[3]

## II. Scope of Review

■ We review the district court's dismissal of a petition for judicial review for correction of errors at law. *Paulson v. Bd. of Med. Exam'rs*, 592 N.W.2d 677, 678 (Iowa 1999). Our review in this case is governed by the Iowa Administrative Procedure Act. Iowa Code § 17A.19(10).

## III. Merits

■ A petition for judicial review of an agency decision must be timely filed in

order for the district court to have jurisdiction. *City of Des Moines v. City Dev. Bd.*, 633 N.W.2d 305, 309 (Iowa 2001). Under the Iowa Administrative Procedure Act, agency action is categorized as rulemaking, a contested case, or other agency action. *Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 826 (Iowa 2007). To determine whether a petition for judicial review is timely filed, we must determine the classification of the agency action because the classification controls when a party must file a petition for judicial review. *Id.* Neither party contends the Board's action was rulemaking. The Board asserts, and the district court found, that this is a contested case, which requires that a petition for judicial review be "filed within thirty days after the issuance of the agency's final decision in that contested case." Iowa Code § 17A.19(3). However, Strickland asserts that this is not a contested case, but rather "other agency action" and therefore he could file his petition "at any time petitioner is aggrieved or adversely affected by that action." *Id.*

■ A contested case is defined as a proceeding "in which the legal rights, duties or privileges of a party are required by Constitution or statute to be deter-

comply with an order of the Board requiring him to submit to an evaluation.

2. Prior to filing his petition for judicial review, Strickland filed several motions with the Board, which the administrative law judge ruled to be untimely. On August 7, 2006, Strickland filed a motion requesting the evaluation order be vacated and demanding a new hearing before the Board. Ten days later, Strickland filed a motion to stay the evaluation order with the Board. On September 21, 2006, an administrative law judge denied Strickland's motions finding that this was a contested case and the Board's order was issued June 22, 2006. Thus, Strickland could have either filed an application for rehearing within twenty days of the date the final deci-

sion was issued pursuant to Iowa Code section 17A.16(2) (2005) and Iowa Administrative Code rule 653–12.34, or filed a petition for judicial review in the district court within thirty days of the date the final decision was issued pursuant to Iowa Code section 17A.19(3) and Iowa Administrative Code rule 653–12.38. However, as he had done neither within the statutory allowed time, his motions were untimely and dismissed.

3. Strickland also raises several claims that he raised in his petition for judicial review. However, as we find the district court properly dismissed Strickland's petition, we do not reach these issues.

mined by an agency after an opportunity for an evidentiary hearing." *Id.* § 17A.2(5). Thus, a party, whose rights are being determined based upon individualized particular facts and circumstances, is entitled to an "adversarial hearing with the presentation of evidence and arguments and the opportunity to cross-examine witnesses and introduce rebuttal evidence." *Greenwood Manor v. Iowa Dep't of Pub. Health,* 641 N.W.2d 823, 834 (Iowa 2002); *Citizens' Aide/Ombudsman v. Rolfes,* 454 N.W.2d 815, 817 (Iowa 1990). On the other hand, other agency action is a residual category, which includes agency actions that do not fall within the rulemaking or contested case categories. *Smith,* 729 N.W.2d at 826; *see Greenwood Manor,* 641 N.W.2d at 834 ("At most, other agency action entitles affected parties to an informal hearing."). Strickland argues that because the statute does not expressly give the right to a hearing, the agency cannot by rule create such a right, thereby converting "other agency action" into a contested case proceeding.

Pursuant to Iowa Code section 272C.9(1), the Board is authorized, upon a finding of probable cause, to order a licensee to submit to a physical, mental, or clinical competency examination. Although not expressly established, the requirement of probable cause implies an opportunity for an evidentiary hearing. Thus, the Iowa Administrative Code establishes a process to challenge an evaluation order through an evidentiary hearing. Pursuant to rule 653–12.3(3),[4] a licensee may object to an evaluation order and request an evidentiary hearing. "The request for hearing shall specifically identify the factual and legal issues upon which the licensee bases the objection. The hearing shall be considered a contested case proceeding and shall be governed by the provisions of rules 12.11(17A) to 12.43(272C)." Iowa Admin. Code r. 653–12.3(3).

In the present case, Strickland availed himself of rule 653–12.3(3), objected to the Board's initial evaluation order and requested a hearing to challenge the Board's probable cause finding. The Board held a "contested case hearing," during which the State represented the public's interest and Strickland was represented by counsel. The State and Strickland's counsel made opening statements, introduced exhibits, presented witnesses, cross-examined the other party's witnesses, and made closing statements. Following the hearing, the Board affirmed its previous order finding probable cause to require Strickland to undergo the clinical competency evaluation.

Because the code sets forth a probable cause standard for issuing evaluation orders, the administrative rules establish a "contested case proceeding," and the hearing in this proceeding is that of an adversarial nature, we conclude that this case is a contested case. *See Fisher v. Iowa Bd. of Optometry Exam'rs,* 476 N.W.2d 48, 51 (Iowa 1991) (describing the posture of the participants in an administrative contested case licensure hearing); *Allegre v. Iowa State Bd. of Regents,* 349 N.W.2d 112, 115 (Iowa 1984) ("[T]here is nothing in the required by constitution or statute' language, in its legislative history, or in good policy, that indicates that the hearing requirement referred to must be express—that is, linguistically blunt on the face of the Constitution or the statute." (quoting Arthur E. Bonfield, *The Definition of Formal Agency Adjudication Under the Iowa Administrative Procedure Act,* 63 Iowa L.Rev. 285, 312 (1977))). Thus, the Board's June 2006 order was the Board's final decision in this contested case pro-

---

**4.** Iowa Administrative Code rule 653–12.3(3) is now rule 653–24.4(3).

ceeding and a petition for judicial review was required to be "filed within thirty days after the issuance of the agency's final decision in that contested case." Iowa Code § 17A.19(3). As Strickland failed to file his petition for judicial review within the statutorily required time period, he did not appeal the Board's decision in a timely manner. Therefore the district court properly granted the Board's motion to dismiss.

**AFFIRMED.**