**IN THE COURT OF APPEALS OF IOWA**

No. 16-0099
Filed September 28, 2016

**ROUSE MOTOR CO. INC.,**
        Plaintiff-Appellant,

**vs.**

**EMPLOYMENT APPEAL BOARD,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Grundy County, Linda M. Fangman, Judge.

An employer appeals the dismissal of its petition for judicial review of an unemployment benefits award. **APPEAL DISMISSED.**

J. Andrew Cederdahl and Michael Treinen of Klatt, Augustine, Sayer, Treinen & Rastede, P.C., Waterloo, for appellant.

Rick Autry of the Employment Appeal Board, Des Moines, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Rouse Motor Co. appeals the dismissal of its petition for judicial review, asserting the district court erred in determining it failed to file a petition. The Employment Appeal Board claims Rouse Motor's appeal is untimely and the district court properly dismissed Rouse Motor's petition. Because we find Rouse Motor's motion for reconsideration was improper, we hold its appeal is untimely. We therefore have no jurisdiction and dismiss the appeal.

I.      Background Facts and Proceedings

On July 21, 2015, Martin Rouse filed a pro se petition for judicial review on behalf of Rouse Motor. On September 1, the Employment Appeal Board filed a motion to strike or recast because Rouse was attempting to represent the corporation pro se. On October 5, the district court struck the petition and ordered Rouse Motor to "file a recast petition within sixty (60) days . . . through a licensed attorney."

On December 3, attorney J. Andrew Cederdahl filed an appearance on behalf of Rouse Motor, along with a brief in support of the previously-stricken petition. On December 7, the court "note[d] an Appearance has been entered by Attorney Andrew Cederdahl however no Petition has been filed" and dismissed the action because sixty days had passed. On December 11, Rouse Motor filed a motion for reconsideration, which argued the court should have considered the brief as a petition. On December 23, the court denied Rouse Motor's motion to reconsider and stated the prior order "was very clear the Petition had been stricken and a recast petition needed to be on file by December 5, 2015." On January 12, Rouse Motor filed its notice of appeal.

II.      Standard of Review

"We review the district court's dismissal of a petition for judicial review for correction of errors at law."  *Strickland v. Iowa Bd. of Med.*, 764 N.W.2d 559, 561 (Iowa Ct. App. 2009).

III.      Timeliness of Appeal

A notice of appeal must be filed within thirty days of final order or judgment.  Iowa R. App. P. 6.101(1)(b).  "However, if a motion is timely filed under Iowa R. Civ. P. 1.904(2) or Iowa R. Civ. P. 1.1007, the notice of appeal must be filed within 30 days after the filing of the ruling on such motion."  Iowa R. App. P. 6.101(1)(b).  Yet, an improper rule 1.904(2) motion does not toll the time to file a notice of appeal.  *Bellach v. IMT Ins. Co.*, 573 N.W.2d 903, 904–05 (Iowa 1998).  Rule 1.904(2) motions are proper when they ask the court to make, enlarge, or amend findings of fact.  *Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 668 (Iowa 2013).  A rule 1.904(2) motion is improper when it seeks "a rehash of legal issues previously raised."  *Id.* at 668–69.  Failure to file timely notice of appeal deprives this court of jurisdiction.  *Id.* at 668.

In its motion, Rouse Motor requested the court reconsider its dismissal based on the "full record," including the brief filed on December 3.  Critically, the motion did not request the court make, enlarge, or amend any particular findings of facts.[1]  Rather, the motion took issue with the court's determination that the brief did not qualify as a petition and subsequent dismissal of Rouse Motor's claim.  The brief was on file prior to the court's order dismissing the claim, and there is no basis to conclude the court was unaware of it.  Rouse Motor's motion

---

[1] While not dispositive, we also note Rouse's motion made no reference to rule 1.904(2).

was a discussion of the legal issues surrounding the court's decision to dismiss the claim and was not aimed at the court's findings of fact. Accordingly, the motion was improper and did not toll the time to file a notice of appeal.

Because Rouse Motor filed its notice of appeal more than thirty days after the district court's order dismissing the action and rendering a final judgment, Rouse Motor's appeal is untimely.

IV.     Conclusion

As we conclude Rouse Motor's notice of appeal was untimely, we dismiss its appeal.

**APPEAL DISMISSED.**