# IN THE COURT OF APPEALS OF IOWA

No. 17-1895
Filed September 26, 2018

**ASHLEY VAN ZETTEN,**
　　　Plaintiff-Appellant,

**vs.**

**IOWA BOARD OF COSMETOLOGY ARTS AND SCIENCES,**
　　　Defendant-Appellee.
_____

　　　Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


　　　The plaintiff appeals from the district court's dismissal of her petition for judicial review for failing to serve the board within the required ten-day period. **REVERSED AND REMANDED.**



　　　Michael M. Sellers of Sellers, Galenbeck & Nelson, Des Moines, for appellant.

　　　Teresa M. Baustian and David M. Ranscht, Assistant Attorneys General, for appellee.


　　　Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Ashley Van Zetten appeals the district court's dismissal of her petition for judicial review for failing to serve the Iowa Board of Cosmetology Arts and Sciences within the ten-day window required by Iowa Code section 17A.19(2) (2015).

Our supreme court has "rejected a standard of strict or literal compliance with section 17A.19(2)," but "substantial compliance with statutory prerequisites is essential for the district court to acquire jurisdiction." *Cowell v. All-American, Inc.*, 308 N.W.2d 92, 94 (Iowa 1981). Iowa Code section 17A.19(2) provides, in pertinent part:

> Within ten days after the filing of a petition for judicial review the petitioner shall serve by the means provided in the Iowa rules of civil procedure for the personal service of an original notice, or shall mail copies of the petition to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency. Such personal service or mailing shall be jurisdictional. . . . Proof of mailing shall be by affidavit. . . .

We review the district court's dismissal of Van Zetten's petition for judicial review for correction of errors at law. *See Strickland v. Iowa Bd. of Med.*, 764 N.W.2d 559, 561 (Iowa Ct. App. 2009).

Here, Van Zetten filed a timely petition for judicial review on May 3, 2017. On May 19, the counsel for the board received, via United States mail, a copy of the original notice and petition for judicial review. The original notice incorrectly stated the petition for judicial review was filed April 27, and the petition for judicial review contained an unsigned certificate of mail dated May 3. The envelope containing the items arrived was postmarked May 17, 2017.

On May 25, the board filed a motion to dismiss, arguing the district court lacked jurisdiction to decide the petition for review because the board had not been sent a copy of the petition within ten days of it being filed.

The same day, Van Zetten filed a resistance to the board's motion. She attached to her resistance an affidavit of mailing from her attorney's legal assistant, in which the legal assistant avowed she had mailed counsel for the board the original notice and petition for judicial review on May 3, 2017. The legal assistant swore that she mailed a second "courtesy" copy, which included the case number issued by the clerk of court, to the board's counsel on May 17. She further swore that no envelopes or documents had been returned by the United States Postal Service.

The district court held a hearing on the motion to dismiss. At the hearing, the attorney for Van Zetten made a professional statement that he "observed the envelope with the petition being deposited at the U.S. post office slot." When asked by the court, he indicated he did not observe whether the envelope had adequate postage on it, but he did observe that it was addressed to counsel for the board.

In a written ruling, the court granted the motion to dismiss, finding that Van Zetten had not substantially complied with section 17A.19(2) because the receipt of service was several days after the ten-day requirement and Van Zetten had not filed an affidavit of service until three weeks after the event of service. The court stated that ruling otherwise would "reduce the ten-day window for service to a meaningless and perpetual moving target." The court did not make any findings

whether a first mailing occurred on May 3 as testified to by the legal assistant for counsel for Van Zetten.

Van Zetten filed a motion to amend or enlarge, asking the court to "make a finding about whether it believes [the mailing affidavit of the legal assistant] was credible and whether the statement counsel for Mrs. Van Zetten made about watching his legal assistant deliver the mail to the post office on that date [May 3] was credible." The court denied Van Zetten's motion, stating in part, "The bottom line is this: In this particular circumstance, the court made no findings and reached no conclusion on the merits." Van Zetten appealed.

The only question before us is whether Van Zetten substantially complied with the requirements of section 17A.19(2).

Our supreme court was asked to consider a similar question in *Monson v. Iowa Civil Rights Commission*, 467 N.W.2d 230, 232 (Iowa 1991), when the petitioner timely filed his petition for judicial review with the district court "and then promptly directed the sheriff to personally serve" the agency at issue. One of the parties was served immediately, but "[f]or unexplained reasons" the sheriff sought to serve the other party at the wrong location. *Monson*, 467 N.W.2d at 232. The sheriff's "inability to complete service was not relayed to Monson's counsel until two days beyond the statutory ten-day deadline." *Id.* Once counsel realized the problem, "counsel redirected the sheriff's efforts and service was completed within days." *Id.* Our supreme court ruled that Monson's failure to serve the agency within ten days did not defeat the district court's jurisdiction because "[s]ervice, though tardy, was completed in substantial compliance with the statute." *Id.* In reaching this conclusion, the court relied upon the facts that the sheriff's mistake

could not be fairly attributed to Monson and that the agency had not established that it was prejudiced from the brief delay. *Id.*

Similarly, the failure of Van Zetten to file an affidavit of service until three weeks after service should not affect the court's finding of substantial compliance with the service requirements. Service is jurisdictional; the filing of proof of service is not. Nor did the several days' delay in receipt of service affect the agency's substantive rights.[1] If Van Zetten's attorney mailed the board a copy of the petition on May 3—the same day the petition was filed with the district court—and the petition did not reach the board due to some unknown failure with the mail, it would be unfair to attribute the failure to Van Zetten. *See id.*

Here, the affidavit of mailing and the professional statement by counsel for Van Zetten that he witnessed the mailing take place on May 3 are sufficient to establish substantial compliance with section 17A.19(2). We acknowledge Van Zetten's attorney could not make a statement about the correct postage being applied to the mail, but the legal assistant averred that the mail was not returned to the office for insufficient postage. The attorney reported to the court that he personally saw the envelope was properly addressed to counsel for the board and witnessed it being posted at the United States Post Office. Though we agree with the district court that filing the affidavit of mailing contemporaneously with the actual mailing is the best practice, we have found no authority to support the court's conclusion that a failure to do so is fatal to one's claim of substantial compliance.

---

[1] The board does not claim it was prejudiced by the delay.

Because Van Zetten substantially complied with the requirements of section 17A.19(2), the district court erred in granting the board's motion to dismiss. We reverse the district court's ruling and remand the case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**