# IN THE COURT OF APPEALS OF IOWA

No. 21-1071
Filed April 13, 2022

**MICHAEL ALEXANDER LAJEUNESSE,**
　　Plaintiff-Appellant,

**vs.**

**THE IOWA BOARD OF MEDICINE,**
　　Defendant-Appellee.
_____

　　Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

　　Michael Lajeunesse appeals the order denying his petition for judicial review. **AFFIRMED.**

　　Michael Lajeunesse, Anamosa, self-represented appellant.

　　Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

　　Considered by Bower, C.J., Vaitheswaran, J., and Danilson, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**DANILSON, Senior Judge.**

Michael Lajeunesse filed a petition with the Iowa Board of Medicine requesting the Board issue a declaratory order finding licensed physician Dr. Gregory Schmunk had "commit[ed] perjury in [Lajeunesse's] underlying criminal conviction . . . because [Dr. Schmunk] lied to the jury about [the victim's] injuries being life-threatening."[1]  The Board declined to issue Lajeunesse's requested order, finding in part that it lacked authority "to conclude that one of its licensees committed perjury in a non-Board related criminal case," and that it lacked jurisdiction "to find someone guilty of perjury, which is a criminal offense controlled by state and federal prosecutors and law enforcement and not a licensing agency."[2]  In other words, the Board found "[t]he questions presented by the petition would more properly be resolved in a different type of proceeding or by another body with jurisdiction over the matter."

Lajeunesse filed a petition for judicial review, challenging the Board's "refus[al] to initiate disciplinary proceedings" against Dr. Schmunk.[3]  Following a

---

[1] This court affirmed Lajeunesse's convictions for attempted murder and willful injury in *State v. Lajeunesse*, No. 17-0507, 2018 WL 1099024, at *1–4 (Iowa Ct. App. Feb. 21, 2018).  *See also Lajeunesse v. State*, No. 19-1715, 2022 WL 469408, at *1 (Iowa Ct. App. Feb. 16, 2022) (rejecting Lajeunesse's claims of ineffective assistance of trial and appellate counsel).

[2] Citing Iowa Code 17A.19(1)(a) (2020), the Board observed a person may petition the agency for a declaratory order "as long as it relates to a 'statute, rule, or order within the primary jurisdiction of the agency.'"  *See also* Iowa Admin. Code r. 653–1.9(1).  Further, citing section 17A.19(1)(b)(2), the Board noted the agency "is prohibited from issuing a declaratory order that 'would substantially prejudice the rights of a person who would be a necessary party and who does not consent in writing to the determination of the matter by a declaratory order proceeding.'"

[3] Meanwhile, Lajeunesse initiated a separate action against the Board, seeking a writ of mandamus for its failure to provide information relating to his claim against Dr. Schmunk.  This court recently affirmed the district court's dismissal of that

hearing, the district court entered an order denying Lajeunesse's petition, finding he "failed to satisfy his burden of establishing that the [Board]'s actions in declining to enter the requested declaratory order was in error or otherwise unreasonable, arbitrary or capricious." Specifically, the court found that the Board "need not (and under the applicable statutes and rules, cannot) proceed to make a declaration that one of its licensees committed a criminal act (perjury)"; "such a declaration is outside of its jurisdiction and would be unduly prejudicial to Schmunk."

On appeal, Lajeunesse challenges the decisions of the Board and the district court. While we are aware of the nature of Lajeunesse's complaint, the fact remains that the Board is without authority or jurisdiction to hear it. An allegation of perjury or untruthful testimony is a matter within the court's authority and jurisdiction, not the Board. Accordingly, the district court did not error in dismissing Lajeunesse's petition on that basis. *See Strickland v. Iowa Bd. of Medicine*, 764 N.W.2d 559, 561 (Iowa Ct. App. 2009) (setting forth standard of review). We affirm the district court's denial of relief.

**AFFIRMED.**

---

action for lack of prosecution in *Lajeunesse v. Iowa Bd. of Med.*, No. 20-1295, 2021 WL 5918403, at *1–2 (Iowa Ct. App. Dec. 15, 2021).